UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUSTIN P. MEUNIER                               CIVIL ACTION

VERSUS                                          19-12141

HOME DEPOT U.S.A., INC.                         SECTION: "J" (1)

### ORDER & REASONS

Before the Court is a *Motion to Dismiss for Lack of Personal Jurisdiction* **(Rec. Doc. 35)** filed by Defendant MMDI, Inc. ("MMDI"). The motion is opposed by Plaintiff Justin P. Meunier (Rec. Doc. 37), to which MMDI replied (Rec. Doc. 40). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This litigation arises from injuries allegedly sustained by Plaintiff due to a defective trailer manufactured by MMDI. On April 19, 2019, Plaintiff went to a Home Depot U.S.A., Inc. ("Home Depot") store in Chalmette, Louisiana, to rent excavating equipment. After discussing his intent with an employee of Home Depot, Plaintiff was told to hook up one of Home Depot's trailers holding the excavating equipment to his SUV. Plaintiff struggled to get the first trailer positioned on his trailer hitch and moved to a second trailer with the same excavating equipment. Plaintiff first attempted to crank the handle on the second trailer to determine if the trailer had the same apparent defect as the first, but the handle came loose and struck Plaintiff

in his nose. After visiting the doctor, Plaintiff learned he had suffered a depressed fracture of the nasal bone and a concussion. Days after the incident, a Home Depot employee observed that the roll pin that holds the handle in place was broken, and he replaced the defective pin.

The trailer at issue was manufactured by MMDI in North Carolina and sold to Compact Power Equipment, Inc. ("Compact Power"), another North Carolina company, in 2014.[1] The trailer was then delivered by MMDI to Compact Power's facility in South Carolina.[2] Subsequently, Compact Power was acquired by Home Depot in 2017.[3]

Plaintiff named MMDI as a defendant in his Second Supplemental and Amended Complaint. Before answering Plaintiff's complaint, MMDI filed the instant motion to dismiss Plaintiff's claims for lack of personal jurisdiction. The motion is before the Court on the briefs and without oral argument.

## **LEGAL STANDARD**

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits dismissal of a suit for lack of personal jurisdiction. In a motion to dismiss for lack of personal jurisdiction, the plaintiff must establish a prima facie showing of jurisdiction. *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). The court must accept the plaintiff's uncontroverted allegations as true and resolve any conflicts of fact in favor of finding jurisdiction. *Id.*

---

[1] (Rec. Doc. 40-1).
[2] *Id.* at 4-5.
[3] (Rec. Doc. 35-8).

To determine whether a federal court sitting in diversity has jurisdiction over the defendant, the court looks first to the long-arm statute of the forum state to determine whether the forum may exert personal jurisdiction. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012). Next, the court must ensure that exercising jurisdiction would not violate the Due Process Clause of the Fourteenth Amendment. *Id.* Because Louisiana's long-arm statute confers jurisdiction up to the limits of the Constitution, "the two inquiries fold into one." *Luv N' care*, 438 F.3d at 469.

The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume personal jurisdiction of a non-resident defendant unless the defendant has certain "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Supreme Court has recognized two types of personal jurisdiction: specific and general. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017).

Specific jurisdiction is limited to "adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). To establish specific jurisdiction, a plaintiff must show that "(1) there are sufficient (i.e., not 'random fortuitous or attenuated') pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the

3

defendant's forum contacts." *Pervasive Software*, 688 F.3d at 221. The burden then shifts to the defendant to show that the exercise of jurisdiction would be unfair or unreasonable. *Id.* at 221-22.

## DISCUSSION

### I. THE FIFTH CIRCUIT'S STREAM OF COMMERCE JURISPRUDENCE

Under the Fifth Circuit's stream-of-commerce approach, the minimum contacts requirement is satisfied if a court "'finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state.'" *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013) (quoting *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987)). "[M]ere foreseeability or awareness is a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce." *Id.* (quoting *Luv N' care*, 438 F.3d at 470). However, "[t]he defendant's contacts must be more than 'random, fortuitous, or attenuated, or of the unilateral activity of another party or third person.'" *Id.* (citation omitted); *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

In *Ainsworth*, the Fifth Circuit held that the Supreme Court's split decision in *J. McIntyre Machinery v. Nicastro*, 564 U.S. 873 (2011), did not overrule its longstanding stream-of-commerce standards. 716 F.3d at 178; *see also Boat Serv. of Galveston, Inc. v. NRE Power Sys., Inc.*, 429 F. Supp. 3d 261, 268-69 (E.D. La. 2019) (analyzing *Nicastro* and *Ainsworth*). Accordingly, "foreseeability" remains the key

4

factor in determining whether a state may properly exercise personal jurisdiction over a foreign defendant when applying the stream-of-commerce approach. A plaintiff may establish foreseeability by showing either that (1) the quantity of the defendant's sales and marketing in the forum state is high enough that the defendant can reasonably anticipate a court's exercise of personal jurisdiction in that state, or (2) the defendant has actual knowledge or an expectation that its injury-causing product is being sold in the forum state. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980) ("[T]he forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products with the expectation that they will be purchased by consumers in the forum state."); *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Liability Litig.*, 888 F.3d 753, 779 (5th Cir. 2018) ("[P]laintiffs need only show that [the defendant] delivered the product that injured them into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state.").

## II.  PLAINTIFF FAILS TO MAKE A PRIMA FACIE CASE FOR LOUISIANA'S JURISDICTION OVER MMDI

Because Plaintiff makes no references to MMDI's sales figures[4] or specific marketing data related to Louisiana, he must show that MMDI had actual knowledge or an expectation that the allegedly defective trailer would be used in Louisiana. To support this claim, Plaintiff provides specific data on the number of Home Depot stores in Louisiana and the number of Louisiana Home Depot locations renting

---

[4] *Bean Dredging Corp. v. Dredge Technology Corp.*, 744 F.2d 1081, 1085 (5th Cir. 1984), therefore is unhelpful to Plaintiff's argument because foreseeability in that case turned on the defendant-manufacturer's placing thousands of its product into the stream of commerce.

MMDI trailers like the one that is the subject of this litigation. Home Depot has twenty-eight locations in Louisiana, and eighteen of those locations have tool rental departments.[5] Based on these facts, Plaintiff argues that MMDI had an expectation that the trailers would be used at the tool rental departments in Home Depot's Louisiana stores.

However, MMDI sold the trailer to Compact Power, not Home Depot. Plaintiff provides no evidence of MMDI's actual or constructive knowledge that Compact Power would, in turn, provide the trailer to Home Depot. *Cf. Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 420 (5th Cir. 1993) (reversing dismissal for lack of personal jurisdiction where defendant "not only could have foreseen that the products might end up in Texas, [but actually] knew as a fact that the products were going to be delivered to a specific user in Houston, Texas"). Nevertheless, Plaintiff argues that MMDI had an expectation that the trailer could be used at any Home Depot with a rental department because Home Depot acquired Compact Power in 2017, approximately two years before the incident being litigated here, and therefore could have foreseen that the trailer would make its way to Louisiana based on the number of Home Depots with rental departments in Louisiana.[6] Plaintiff offers no allegations or evidence on the relationship between Home Depot and Compact Power before the acquisition.

A key principle of specific jurisdiction is that "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the

---

[5] *See* (Rec. Doc. 37-1).
[6] (*See* Rec. Doc. 35-8).

6

requirement of contact with the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). In *Stewart v. Marathon Petroleum Co. LP*, the court found that the manufacturer of a trailer was not subject to Louisiana's personal jurisdiction when another defendant purchased the trailer and transported it into Louisiana. 326 F. Supp. 3d 284, 290 (E.D. La. 2018). The manufacturer designed and manufactured the allegedly defective trailer in Minnesota and then sold it to a Florida shipping company, who delivered the trailer to Florida. *Id.* at 291. The shipping company directed the plaintiff to drive the trailer from Louisiana to Michigan, and the incident causing the plaintiff's injuries occurred in Ohio. *Id.* at 291-92. The court reasoned that "[o]nce a product has reached the end of the stream and is purchased, a consumer's unilateral decision to take the product to a distant state, without more, is insufficient to confer personal jurisdiction over the manufacturer or distributor." *Id.* at 290 (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 273 (5th Cir. 2006)). The court found that the trailer had reached the end of the stream when the manufacturer sold the trailer to the shipping company. *Id.* Additionally, the court found that none of the manufacturer's contacts with Louisiana gave rise to the dispute. *Id.* at 291. The facts in *Stewart* are nearly identical to the facts in this case. When MMDI sold its trailer to Compact Power, the stream of commerce effectively ended absent any knowledge or expectation by MMDI that the trailer would be resold or used in Louisiana. The Court may not exercise jurisdiction over MMDI based on the actions of Compact Power after the trailer left the stream of commerce.

Plaintiff argues that MMDI appears to have made additional sales to Home Depot after it acquired Compact Power based on the relative condition of some of the trailers present at Home Depot's Chalmette, Louisiana location.[7] Accepting these allegations as true, Plaintiff's injuries do not arise out of these subsequent contacts with Louisiana. Plaintiff's injuries arose from MMDI's sale and delivery of a shipment of trailers,[8] including the one that injured Plaintiff, to Compact Power in South Carolina. Therefore, any contacts with Louisiana after the sale of the subject trailer would not justify the Court's exercise of jurisdiction over MMDI because Plaintiff's injuries do not arise from those contacts. Accordingly, Plaintiff has failed to establish that MMDI had minimum contacts with Louisiana from which his injuries arose. Because Plaintiff fails to make a prima facie case for jurisdiction, the Court need not evaluate whether the exercise of jurisdiction over MMDI would comport with traditional notions of fair play and substantial justice. *See, e.g.*, *Eddy v. Printers House (P) Ltd.*, 627 F. App'x 323, 328 (5th Cir. 2015) (per curiam) ("[W]e need not . . . address whether the 'fair play and substantial justice' requirement has been satisfied, as the determination that [the defendant] lacked 'minimum contacts' with [the forum state] alone is sufficient to conclude that the district court could not exercise personal jurisdiction.").

---

[7] (*See* Rec. Doc. 37-2).

[8] MMDI has offered evidence that the trailer at issue here was a part of the sale of sixty trailers to Compact Power. (Rec. Doc. 40-1, at 1). This quantity is insufficient to establish an expectation that the trailers would be sold or used in Louisiana. *Cf. Ainsworth*, 716 F.3d at 179 (holding reasonable expectation established by sale of 13,073 forklifts); *Bean Dredging*, 744 F.2d at 1085 (holding expectation established by sale of thousands of steel castings).

### III.   JURISDICTIONAL DISCOVERY

Finally, the Court must consider Plaintiff's request in the alternative for additional time to conduct jurisdictional discovery. Plaintiff, as the party seeking discovery, has the burden of showing that additional discovery is necessary. *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013). Plaintiff must make a preliminary showing of jurisdiction by raising specific factual allegations that suggest that jurisdiction likely exists. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). "[A] party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009).

Plaintiff fails to allege any additional facts likely to be revealed by discovery that would support the Court's exercise of jurisdiction over MMDI. Therefore, Plaintiff's request for jurisdictional discovery must be denied.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that MMDI's *Motion to Dismiss for Lack of Personal Jurisdiction* **(Rec. Doc. 35)** is **GRANTED**, and Plaintiff's claims against MMDI are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 16th day of November, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE